**E-Filed 6/23/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDDIE M. VARGAS, SR., <br><br>   Petitioner, <br><br> v. <br><br> MIKE KNOWLES, Warden, <br><br>   Respondent. | Case Number C 03-02930 JF <br><br> ORDER[1] RE FURTHER PROCEEDINGS <br><br> [re: docket nos. 1, 19, 154, 171] |

## I. BACKGROUND

In June 1997, Petitioner Eddie Vargas was convicted of first-degree murder and conspiracy to commit murder in the death of Eli Rosas. With enhancements for prior convictions, Petitioner was sentenced to sixty years in state prison. In conjunction with his direct appeal, Petitioner sought a writ of habeas corpus in the state appellate court. The state appellate court denied both the direct appeal and the petition for writ of habeas corpus. Petitioner then unsuccessfully sought a writ of habeas corpus in the state superior court, the state appellate court,

---

[1] This disposition is not designated for publication in the official reports.

and the state supreme court.

On June 24, 2003, pursuant to 28 U.S.C. § 2254, Petitioner sought a writ of habeas corpus, alleging the following claims for relief:

(1) Trial counsel deprived [Petitioner] of his Sixth Amendment right to effective assistance of counsel during the proceedings on the motion to vacate his plea agreement by failing to fully investigate the likelihood of appellant passing a polygraph exam prior to stipulating to the admission of the results of a polygraph exam and appellant's resulting 60-years-to-life sentence violates the federal constitutional protection against cruel and unusual punishment, given the improper vacating of his plea agreement under which he would have served only five years.

(2) The trial court violated appellant's Sixth and Fourteenth Amendment rights by precluding [Petitioner] from cross-examining two prosecution witnesses and conducting direct examination of one potential defense witness regarding the killing of Paul Farfan, which would have elicited evidence that the prosecution pursued a flawed policy of presenting unreliable accomplice witnesses against [Petitioner] and that a critical witness against [Petitioner] was unworthy of belief.

(3) The trial court violated [Petitioner's] Sixth and Fourteenth Amendment rights to confrontation and due process by unduly restricting the scope of cross-examination of John Kracht regarding the disposition of a case against Pablo Pena, which would have shown that [Petitioner] had no motive to agree to kill Elias Rosas and thus prejudiced his defense against the charge of murder anc conspiracy to commit murder.

(4) The trial court violated [Petitioner's] state and federal constitutional rights to due process and an impartial jury trial by refusing to instruct the jury on the lesser-included offense of second degree murder with respect to the murder of Elias Rosas in Count 12.

(5) The trial court deprived [Petitioner] of his state and federal constitutional rights to a trial by jury and due process by failing to instruct the jury to determine the essential factual question whether one or multiple conspiracies existed.

(6) [Petitioner] was deprived of his Sixth and Fourteenth Amendment rights to due process and a jury trial by the trial court's refusal to instruct the jury to unanimously agree on the facts underlying the elements of the conspiracy, an error which is reversible because it is impossible to determine whether the jury unanimously agreed as to whom [Petitioner] conspired to murder.

(7) [Petitioner] was deprived of his Sixth and Fourteenth Amendment rights to due process and notice of the allegations that he conspired to murder or assault both Alfonso Urango and James Esparza, where he did not learn of the allegations until four months into trial.

(8) [Petitioner's] conviction for conspiracy to commit murder violates state and federal due process guarantees because a conspiracy to kill one of various persons without agreement upon who was to be killed is unconstitutionally vague and generic.

(9) [Petitioner's] conviction for conspiracy to commit murder must be reversed for constitutionally insufficient evidence because this Court cannot determine whether or not the jury found him guilty of conspiring to kill a person for whom there is constitutionally sufficient evidence in support of the conviction.

     (10) The trial court violated [Petitioner's] state and federal constitutional rights to due process and a fair trial by jury by refusing to give a legally correct defense-requested jury instruction which was supported by the evidence and which pinpointed the defense theory of the case.

     (11) [Petitioner] was improperly and unconstitutionally sentenced to two consecutive 25-years-to-life terms for both the Rosas murder conviction and for the conspiracy to commit murder conviction, in violation of Penal Code section 654 and in violation of his state and federal jury trial and due process rights as set forth in *Apprendi v. New Jersey* [530 U.S. 466 (2000)].

     (12) Petitioner was denied his Sixth Amendment right to a trial by an impartial jury when during the entire course of Petitioner's sixth-month trial he was shackled even though the court did not establish a compelling need for shackling; the shackles were visible from the jury box; only Petitioner and not his three codefendants charged with far more serious crimes, capitol crimes, could be seen shackled by the jury.

     (13) Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel [because]:

     (A) Counsel not only failed to oppose consolidation where all the other defendants were charged with capitol crimes and sentenced to death, he joined with the prosecution in opposing motions to sever even though consolidation was extremely prejudicial to petitioner.
     (B) Counsel failed to question Mary Rosas regarding Raul Reveles 1990 threats he was going to murder Elias Rosas for getting Raul arrested for possession of narcotics.
     (C) Counsel failed to obtain defense testimony regarding Roland Saldivar's statement that he was with Salazar when Chavez called him saying to Salazar that Albert Revelez wanted permission to kill Rosas and Salazar gave it without telephoning petitioner.
     (D) Counsel refused to have Albert Revelez testify even though Albert stated petitioner had nothing to do with obtaining approval to kill Elias Rosas.
     (E) Counsel refused to request a copy of Petitioner's polygraph test readout sheet even though the examiner's interpretation of the readout sheet was ambiguous.
     (F) Counsel refused to call Sergeant Quimet and Detective Williams to testify at the hearing to vacate Petitioner's plea contract to confirm Petitioner contacted them in a timely manner to correct any errors of fact in Petitioner's March 23, 1993 statement.

     (14) The trial court exceeded its jurisdiction when it denied Petitioner his Sixth Amendment right to a defense of his choosing.

In his answer to the petition, Respondent stipulated that Petitioner exhausted claims one through eleven in his petition for review to the California Supreme Court and claims twelve through fourteen in his petition for writ of habeas corpus to the California Supreme Court. Memorandum of Points & Authorities in Support of Answer to Show Cause 2.

On August 29, 2007, Petitioner filed a traverse, which also amended and supplemented the original petition by adding new claims and an expert's declaration. In these new claims,

1  Petitioner asserts ineffective assistance of counsel as a result of his trial counsel's failure to
2  utilize "four key areas of available evidence," which he identifies as the testimony of Roland
3  Saldivar, Jerry Salazar, Michelle Valderrama, and Chico Guzman.  Traverse, 1, 3–6.  Petitioner
4  also claims that his trial counsel failed to obtain his consent to conduct and admit the result of the
5  polygraph examination.  *Id.* at 9.  Petitioner seeks to introduce an expert declaration to show that
6  trial counsel's failure to introduce the newly-identified testimony constituted ineffective
7  assistance of counsel. Memorandum of Points and Authorities in Support of Petitioner's
8  Traverse, 9.   Petitioner requests an evidentiary hearing on the issues raised in his original
9  petition and the amendments set forth in his traverse.  On December 5, 2007, Respondent replied
10 to Petitioner's traverse, arguing that the additional claims are unexhausted.  Respondent requests
11 that this Court strike both the additional claims and the expert's declaration.

## II.  LEGAL STANDARD

This Court will entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2254(a). If the petitioner in a federal habeas proceeding "failed to develop the factual basis of a claim in State court," the court shall not hold an evidentiary hearing unless the petitioner shows that "the claim relies on . . . a factual predicate that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

However, federal courts may not grant an application for writ of habeas corpus unless the petitioner has exhausted all available remedies in state court.  *Id.*, at § 2254(b), (c).  If available state remedies have not been exhausted as to all claims in a petition, the petition must be dismissed.  *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

### III. DISCUSSION

This Court concludes that Petitioner's traverse contains both exhausted and unexhausted claims. Although the thirteenth claim of the original petition asserts ineffective assistance of counsel based upon trial counsel's failure to introduce Roland Saldivar's testimony, the original petition does not assert claims of ineffective assistance of counsel based upon counsel's failure to introduce testimony from Jerry Salazar, Michelle Valderrama, and Chico Guzman. Although the original petition asserts an exhausted claim based upon trial counsel's stipulation to the admission of the results of the polygraph examination, Petitioner has not exhausted a claim based upon the separate ground that trial counsel failed to obtain his consent to conducting the polygraph examination. Finally, because Petitioner did not present the expert declaration to the state supreme court, any new claim or argument arising from the declaration likewise is unexhausted.

Because the petition currently contains both exhausted and unexhausted claims, it must be dismissed pursuant to Ninth Circuit case law. *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). Under that case law, Petitioner has four options with respect to future proceedings in the instant case.

    (1) The Court may dismiss the action without prejudice for failure to exhaust administrative remedies. If Petitioner selects this option, he may return to this Court and file a new petition containing the same claims once all claims have been exhausted. Such a petition would not be barred as second or successive. However, Petitioner is cautioned that some or all of his claims might be time-barred by the time he returns to this Court; Petitioner should consider the effect of the applicable limitations period when considering whether to choose this option.

    (2) Petitioner may choose to waive the unexhausted claims, and the Court will proceed immediately to determine the original petition.

    (3) The Court may dismiss the petition with leave to file an amended petition containing only exhausted claims, and the Court will stay the petition and hold it in abeyance while Petitioner exhausts his new claims. If Petitioner chooses this option, the Court will close the file administratively and then reopen the file and proceed on the amended petition once the new claims have been exhausted.

    (4) Petitioner may contest the Court's conclusion that the new claims are unexhausted by submitting further briefing to the Court.

## IV.  ORDER

If Petitioner elects option (1), he need not take any further action; if the Court does not hear from Petitioner within thirty (30) days, it will dismiss the entire action without prejudice.  If Petitioner elects option (2), he shall notify the Court of that election within thirty (30) days.  If Petitioner elects option (3), he shall, within thirty (30) days, file and serve an amended petition asserting only exhausted claims.  If Petitioner elects option (4), he shall, within thirty (30) days, file and serve briefing contesting the Court's finding of unexhausted claims in the traverse and amended petition.  At the time he files such amended petition or additional briefing, Petitioner shall file a separate document entitled "Election of Option with Respect to Future Proceedings," indicating whether he is choosing option (2), (3), or (4) as set forth above.

DATED: 6/23/08

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Jerry Y. Fong     jf@careyandcareylaw.com, jan@careyandcareylaw.com

3  Peggy S. Ruffra     peggy.ruffra@doj.ca.gov, DocketingSFAWT@doj.ca.gov

4  John Raikes Vance , Jr     john.vance@doj.ca.gov, DocketingSFAWT@doj.ca.gov, ecfcoordinator@doj.ca.gov, josephine.espinosa@doj.ca.gov

Robert R. Anderson
Attorney at Law
6702 E Holly St
Suite 11000
Scottsdale, AZ 85257-2524

Gerald A. Engler
Supervising Deputy Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Bill Lockyer
CA State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102

7

Case No. C 03-02930 JF
ORDER  RE FURTHER PROCEEDINGS
(JFEX2)