**E-Filed 11/18/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDDIE VARGAS, SR., <br>         Petitioner <br> v. <br> MIKE KNOWLES, Warden, <br>         Respondent. | Case No. C 03-2930  JF <br><br> ORDER[1] GRANTING MOTION FOR STAY |

**I. BACKGROUND**

In June 1997, Petitioner Eddie Vargas ("Vargas") was convicted in the Santa Clara Superior Court of first-degree murder and conspiracy to commit murder in the death of Eli Rosas ("Rosas").  At trial, Louie Chavez ("Chavez") and Jerry Salazar ("Salazar")–both admitted accomplices to the murder–provided key evidence against Vargas. Using their testimony, the prosecution argued that during a three-way telephone call with Chavez and Salazar, Vargas authorized Chavez to tell two alleged gang sympathizers (Raul Reveles ("Reveles") and Timo Hernandez ("Hernandez")) to kill Rosas.   Reveles and Hernandez had been convicted of

---

[1] This disposition is not designated for publication in the official reports.

murdering Rosas in earlier, separate trials.

The Superior Court sentenced Vargas to sixty years in state prison. In conjunction with his direct appeal, Vargas filed a petition for writ of habeas corpus in the state appellate court. That court denied both the direct appeal and the petition. Vargas then unsuccessfully sought writs of habeas corpus in the state superior court, the state appellate court, and the state supreme court.

On June 24, 2003, Vargas, proceeding *pro se*, filed the instant petition for writ of habeas corpus in this Court, raising fourteen separate claims. On May 25, 2005, Respondent Mike Knowles ("Respondent") filed an answer to Vargas' petition, stipulating that Vargas had exhausted the claims stated therein.

On July 21, 2005, this Court appointed attorney Jerry Fong ("Fong") to represent Vargas. On August 29, 2007, Fong filed a traverse, which amended and supplemented the original petition by adding new claims and a new expert declaration. Among the new claims, Vargas asserts ineffective assistance of counsel in light of his trial counsel's failure to utilize "four key areas of available evidence, " specifically identifying portions of the testimony of Salazar, Chico Guzman ("Guzman"), Michelle Valderrama ("Valderrama"), and Ronald Saldivar ("Saldivar"). Traverse at 1, 3-6. Vargas contends that each of these witness's statements would have impeached the prosecution's two star witnesses, Salazar and Chavez, on the critical issues of whether the three-way telephone conversation took place and whether Vargas authorized Rosas's murder. Vargas Repl. Br. at 2.

Vargas requested an evidentiary hearing on the fourteen claims raised in the original petition and the amendments and additional claims set forth in the traverse. On June 23, 2008, this Court concluded that some of Vargas's new claims were unexhausted. Order Re Further Proceedings at 5. Specifically, the Court held that although the thirteenth claim of the original petition asserted ineffective assistance of counsel based on trial counsel's failure to introduce Saldivar's testimony, the original petition did not assert claims of ineffective assistance of counsel based upon counsel's failure to introduce testimony from Salazar, Valderrama, or Guzman. The Court concluded that because the petition contained both exhausted and unexhausted claims, it was subject to dismissal pursuant to Ninth Circuit case law. *Id*; *see*

1  *Guizar v. Estelle*, 843 F.2d 371 (9th Cir. 1988).  The Court offered Vargas four options with
2  respect to further proceedings in this case: (1) dismissal of the action without prejudice for failure
3  to exhaust administrative remedies; (2) waiver of the unexhausted claims, in which case the
4  Court would proceed to adjudicate the original petition; (3) stay of the petition while Vargas
5  exhausts the additional claims;[2] or (4) submitting further briefing challenging the Court's
6  conclusion that the new claims are unexhausted. Order Re Further Proceedings at 5.

On July 23, 2008, Vargas filed a motion to stay and abate the instant petition.  He proposed that he would return to the state court to seek adjudication of any claim raised in his federal habeas proceeding that had not yet been exhausted. Respondent filed opposition, claiming that Vargas's new claims are untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] and thus plainly meritless.  Vargas filed a reply, asserting that all of his claims are in fact exhausted, that all of his claims were raised in his original federal petition, and that even if some claims were not raised in the original petition, those claims relate back to the filing of the original federal petition.

## II. DISCUSSION

After careful examination of Vargas's traverse, the original federal petition for writ of habeas corpus, and the habeas corpus petition filed in the California Supreme Court, this Court concludes that the four additional claims asserted in the traverse have not been exhausted and were not raised in the original federal petition.  However, Vargas has made a colorable showing that the four additional claims asserted in the traverse and those presented in the original federal petition are "tied to a common core of operative facts," *see Mayle v. Felix*, 545 U.S. 644, 655 (2005), and thus that the additional claims arguably relate back to the filing of Vargas's original federal pleading.

---

[2] The Court stated that "if Petitioner chooses this option, the court will close the file administratively and then reopen the file and proceed on the amended petition once the new claims have been exhausted." Order Re Further Proceedings at 5.

[3] AEDPA requires a state prisoner to seek federal habeas corpus relief within one year after the state conviction becomes final. 28 U.S.C. § 2244(d).

3

Case No. 03-C-2930 JF
ORDER GRANTING MOTION FOR STAY
(JFEX2)

Under limited circumstances, a district court has discretion to stay a mixed habeas petition and hold it in abeyance to allow the petitioner to return to the state court to present his unexhausted claims and then proceed in federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 275-277 (2005). To obtain a stay and abeyance, a petitioner must (1) have good cause for his failure to exhaust, (2) have potentially meritorious unexhausted claims, and (3) not have engaged in intentionally dilatory litigation tactics. *Id.* at 278.

In the instant action, Vargas proceeded *pro se* in filing his state court applications and his original habeas petition in this Court. Claims of ineffective assistance of counsel and applicable legal arguments to support such claims may not have been readily apparent to a lay person. Further, because Vargas has been incarcerated since his conviction, he did not have access to the trial transcripts from co-Defendant Reveles's trial, which contained evidence that arguably could have impeached Salazar's testimony. Vargas obtained appointed counsel after he filed his original federal petition, and counsel was able to locate the necessary trial transcripts. For these reasons, it appears that Vargas has demonstrated good cause for his failure to exhaust the additional claims in state court.

Vargas argues that the impeachment evidence at issue would undermine or destroy the credibility of the state's two star witnesses on the critical points of whether the three-way phone call occurred and whether Vargas authorized Rosas's murder. Because evidence of a trial counsel's failure to make use of available impeachment evidence could be used to demonstrate defective or unreasonable performance of counsel, the unexhausted claims are potentially meritorious. Finally, there is no evidence that Vargas seeks a stay for improper or dilatory purposes.

## IV. ORDER

The motion to stay the petition is GRANTED.[4]  The clerk of the Court shall administratively close the file; the file will be reopened when and if Vargas' new claims are exhausted.

DATED: November 17, 2008

_____
JEREMY FOGEL
United States District Judge

---

[4] This ruling is without prejudice to Respondent's reassertion of any of its procedural arguments when and if Vargas exhausts the additional claims.  In particular, Respondent may reargue whether the new claims relate back and whether Vargas has established good cause for his delay in asserting them.

1 | This Order has been served upon the following persons:

2 | Gerald August Engler: Gerald.Engler@doj.ca.gov

3 | Gregory A. Ott gregory: ott@doj.ca.gov, delia.desuyo@doj.ca.gov,
4 | DocketingSFAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, maricris.argarin@doj.ca.gov, sandee.agustin@doj.ca.gov

5 | Jerry Y. Fong: jf@careyandcareylaw.com, jan@careyandcareylaw.com

6 | John Raikes Vance, Jr: john.vance@doj.ca.gov, DocketingSFAWT@doj.ca.gov,
7 | ecfcoordinator@doj.ca.gov, josephine.espinosa@doj.ca.gov

8 | Peggy S. Ruffra: peggy.ruffra@doj.ca.gov, DocketingSFAWT@doj.ca.gov

9 |
10 | CA State Attorney General's Office
11 | 455 Golden Gate Avenue, Suite 11000
   | San Francisco, CA 94102

12 | Robert R. Anderson
13 | Attorney at Law
   | 6702 E Holly St, Suite 11000
14 | Scottsdale, AZ 85257-2524